# Robertson *v.* District Grand Lodge.

*Assumpsit.*

(Decided February 12, 1914.   64 South. 647.)

1. *Insurance; Adjustment of Loss; Release.*—Where by reasons of litigation between the different factions of a fraternal benefit society it had not sufficient funds to meet its obligations, an agreement between it and the beneficiary under a certificate, whereby the certificate was surrendered and cancelled, the society released and discharged from liability thereon, a partial payment made, and the time of paying the balance due extended was not without consideration.

2. *Same.*—Under sections 3973-4, Code 1907, in an action on a benefit insurance certificate, a new contract by which the certificate was discharged and satisfied was admissible in evidence, even though there was no new consideration, since it was then a question for the court or jury as to its sufficiency to bar the action.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Action by H. K. Robertson as administrator against District Grand Lodge No. 23, upon a benefit insurance certificate. Demurrers were overruled to certain pleas, and plaintiff took a nonsuit with bill of exceptions and appeals. Affirmed.

JERE C. KING, for appellant. The agreement was a nudum pactum, and the payment of $10 on the trust voucher cannot be regarded as a profitable consideration.—*Head v. Baldwin,* 83 Ala. 134; *Rutledge v. Townsen,* 38 Ala. 706. It follows, therefore, that the court erred in overruling demurrers to the pleas setting up such contract.

C. B. POWELL, for appellee. The pleas set up a good contract based upon a sufficiency of consideration, and were a complete answer to the suit on the cancelled policy.—*Clear v. Clear,* 82 Ala. 581; *Eufaula Bank v.*

*Passmore,* 102 Ala. 370; *Hodges v. Tenn. Imp. Co.,* 123 Ala. 574; secs. 3973-4, Code 1907.

PELHAM, J.—The suit brought in the court below sought a recovery on a benefit certificate issued by the appellee, a fraternal benefit society under the act approved April 24, 1911, for the regulation and control of fraternal benefit societies.—Acts 1911, p. 700 et seq. The certificate sued on was originally issued to one James Rittenhouse, and Estella Rittenhouse (afterwards Tompkins) was named as the beneficiary. After the death of James Rittenhouse, Estella Tompkins brought suit on the certificate as the beneficiary, but died pending suit, and a revivor was had in the name of the appellant as administrator.

As a defense to the suit, the appellee, as defendant in the trial court, set up matter and things in bar of a recovery on the certificate by special pleas numbered 2, 3, and 4, to which demurrers were interposed that were overruled by the court, whereupon the appellant took a nonsuit on account of such adverse rulings of the court, and assigns these rulings of the court on the demurrers as error on this appeal.

The defense set up in the special pleas Nos. 2, 3, and 4, in effect, is that, after the payment of $50 by appellee to appellant on the benefit certificate, the appellant entered into a new contract with the appellee called a "trust voucher" or "trust certificate," and received from the appellee a payment of $10 thereon, whereby and under the terms of which new contract the appellant, as the beneficiary of said original benefit certificate, agreed, among other things, to surrender and cancel the benefit certificate sued on and release and discharge the appellee from all obligation or liability thereon. The trust voucher or certificate and accom-

panying receipt for the $10 embodying the conditions of the new contract are set out in full in the special pleas, together with facts showing that the reason for making this new contract grew out of factional differences resulting in litigation in the association, leaving in doubt which one of the factions constituted the legal organization authorized to collect dues from its members, thereby rendering uncertain what members were in good standing and entitled to participate and receive benefits, etc., and what members had forfeited their rights under the benefit certificates. Upon a settlement being arrived at and the two factions again united, the funds in the treasury of the association were not sufficient to meet its obligations, and this new contract with the "trust voucher" or "trust certificate" feature was devised and put into operation by the association as a means of settling, or endeavoring to meet as far as practicable with the funds on hand, the obligations due to beneficiaries, and extend the time of payments, as provided under the prior contract, as evidenced by the original certificate, until such times as collections could be made in the dues and assessments of members that would be sufficient to meet the indebtednesses accruing under benefit certificates issued by the association.

It is urged that the new contract set up in the special pleas was subject to the demurrers interposed, on the ground that it was without consideration. We have carefully read these special pleas with this criticism of them in mind, but cannot agree with that view. Besides, the release, discharge, or satisfaction of the obligation created by the terms of the contract that is set up as a defense in these special pleas must have effect, under section 3973 of the Code, "according to the intention of the parties thereto," and was admissible in evidence for the purpose of the court and jury giving to

it operation and effect according to the intention of the parties, although no new consideration had passed.— Code, § 3974. Upon the release or trust certificate being so considered when put in evidence on the trial, it then became a question for the court or jury to pass upon its sufficiency to constitute a bar to the action on the benefit certificate. And as we have said, aside from this, the facts set up in the special pleas show a benefit accruing to the appellant for entering into the second contract, and a sufficient consideration to support it.

It follows that it is our conclusion the court was not in error in overruling the demurrers to the pleas.

Affirmed.